Judge Simpson
delivered the opinion of the Court.
The heirs of James Best, five in number, being the owners of a tract of land and wishing to rent it, offered it publicly to the highest bidder for the term of one year, and Burnham, who had married one of the heirs, rented it for the sum of one hundred' dollars. There was no written contract, or formal lease made by the parties.
After the expiration of the year, this action of assumpsit for use and occupation was instituted against Burnham, by the four other heirs, and a judgment obtained by them for four-fifths of the stipulated rent, and interest thereon, from the time the rent fell due.
To this judgment Burnham has prosecuted a writ of error; and it is contended on his behalf that the action for use and occupation could not be maintained, but it should have been brought, if maintainable at all, on the special contract; that the parties being co-heirs, no action at law will lie, but the remedy is in chancery; and that it was improper to give interest on the sum due, it being for rent, and therefore did not carry interest.
If the correct doctrine be, that assumpsit for use and occupation will not lie where there has been an express formal lease, but debt is the proper remedy, still as there was no formal lease in this case, but a simple promise to pay a given sum .for permission to occupy the land, assumpsit is maintainable.
But according to the very comprehensive and liberal operation allowed to the action of assumpsit in modern times, there seems to be no valid reason why it should be limited when brought for use and occupation, to cases where there had been no express promise or lease. *228 if the tenant had occupied the land, under a mere verbal agreement. Assumpsit can be brought for a breach of any other verbal contract, and why not for a breach of one stipulating for the payment of rent? The only reason why it would not lie at common law, was, that the rent savored of the realty, and debt was, therefore, held to be the appropriate action for its non-payment. As, however, in this country the action of assumpsit, has in nearly, if not in all cases, superceded the action of debt on contracts merely verbal, it should for the sake of consistency, there being no substantial reason to the contrary, be extended so as to embrace express verbal contracts for the payment of rent.
Where the term has been enjoyed and the rent payable in money, it may be recovered on the common count for use and occupation; tho’ there was a special contract b’tween the parties. "Where one of live heirs enjoyed land under a contract to pay rent to the coheirs, they may maintain a joint action oí assumpsit for four-fifths of the entire value of the rent,
Interest may be recovered upon a sum certain due for rent as •well as upon any other eonsidera-
And where the term has been enjoyed, and the rent is payable in money, and the day of payment has elapsed, a common count for use and occupation may be maintained, in analogy to other kindred cases, notwithstanding there was a special contract between the parties.
The legal effect of the contract in this case is, that Burnham should pay four-fifths of the rent to the other heirs for the use and occupation of their part of the land. As Burnham could not contract with himself, the agreement must be regarded as having been made by him with the other four heirs, and as a promise merely to pay to them four-fifths of the sum hid, inasmuch as he was entitled to the other fifth in right of his wife. A contract of this kind is enforceable at law, notwithstanding an action of assumpsit cannot be maintained' by one heir against his co-heir for rent, in the absence of an express agreement for its payment, but the remedy is by account or by bill in equity.
And as the contract was a joint one with the four heirs, the suit was properly brought jointly by them.
Although it was held in some old cases that interest should not be allowed upon rents, because it would be making profit on profit, yet the more modern and reasonable doctrine seems to be that a certain sum due for rent is similar to any other debt, and when due by verbal contract, interest shall be allowed or not according to circumstances. Here the whole case was submitted *229 to the Judge, who occupying the place of the jury, in the exercise of that discretion, which it would have had, allowed interest on the rent due. In this, there was nothing improper or erroneous.
Turner for plaintiff; Caperton for defendants.
Wherefore, the judgment is affirmed.